■ CARMELA D'AMATO et al., Plaintiffs, v GEORGE RUSSO, Defendant and Third-Party Defendant. ROSE CRIMENI, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. AMERICAN AUTOMOBILE INSURANCE COMPANY, Appellant. (And Another Title.)—In a negligence action in which third-party plaintiff Rose Crimeni was granted leave, on default, by order of the Supreme Court, Kings County, dated February 14, 1974, to effect service of the third-party summons and complaint upon the American Automobile Insurance Company (American), the alleged insurer of defendant and third-party defendant George Russo, American appeals from an order of the same court, dated May 30, 1974, which, after a hearing, (1) denied its motion to (a) vacate the order of February 14, 1974 and (b) quash the service upon it of the third-party summons and complaint and (2) directed it to serve an answer on behalf of the third-party defendant. Order reversed, without costs, and motion remanded to Trial Term for a new hearing and determina-

tion in accordance herewith. In our view, Trial Term erred in excluding from evidence that portion of the form manual of the Fireman's Fund American Insurance Companies (of which American is a part) which tended to show that American never issued an automobile liability insurance policy with a prefix symbol even remotely similar to that listed on the FS-1 form of the Department of Motor Vehicles. Moreover, Trial Term additionally erred in not permitting the witness Andrew Keck to testify concerning his knowledge of the record-keeping procedures of Fireman's Fund as well as his knowledge of the prefix symbols on policies issued by American. Lastly, we are of the opinion that Trial Term should have granted American a continuance to enable it to produce witnesses to contravene the matters set forth on the FS-1 form. American was unaware of the existence of that form until just before the commencement of the hearing. Hopkins, Acting P. J., Latham, Margett, Brennan and Shapiro, JJ., concur.